[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10363

Non-Argument Calendar

_____

EDWIN JONES,

Plaintiff-Appellee,

*versus*

BIRMINGHAM, CITY OF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-01426-CLM

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Edwin Jones sued the City of Birmingham on a retaliatory hostile work environment claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a). A jury found in his favor. The district court denied the City's renewed motion for judgment as a matter of law and its motion for a new trial, and the City appealed. For the reasons below, we affirm.

**I.**

Jones, a City police sergeant, filed a complaint against the City with the Equal Employment Opportunity Commission, accusing a former supervisor of various charges. Years later, Jones suspected that a City investigator opened an investigation against him because she was the supervisor's friend. Jones called David Rockett, the internal affairs division commander, to complain about the investigator.

When Rockett answered, Jones noticed the phone "wasn't silent." He believed Rockett had him on speakerphone. Still, Jones began to talk about the investigator "being friends with [the former supervisor] who [Jones had] filed the EEOC complaint against." But as he began to complain about the investigator, Rockett stopped him. "I heard somebody in the background," Jones later testified, "and it sounded like [Michael] Richards," a City police deputy chief whose office was on the same floor as Rockett's. "[I]t

24-10363                Opinion of the Court                3

was like this guy was telling [Rockett] what to say," Jones continued, "because [Rockett] kept pausing with me." Jones testified that Richards would have "known or heard" him "say something about, hey, this girl doesn't need to be investigating me because of my previous complaints."

A few days after the call, a debriefing took place for members of the police tactical unit, including Jones. Richards, who led the unit, stood up to speak. On Jones's account, Richards stated: "You better not take your ass to the EEOC, you better not take your ass to human resources, and you better not take your ass to the chief's office." Then, Richards allegedly stated that if he saw an officer's name on a "list" that he checked "every day," he would "take these four fingers," and "shove them so far up your ass that you are going to be able to see my hand through your mouth." According to Jones, Richard "was standing right in front of" Jones and "looking directly" at him while making those statements. In Jones's "22 years of policing," he had never heard a supervisor say statements like the ones Richards made.

Later, Jones sued the City, alleging, among other claims, a retaliatory hostile work environment claim under Title VII. That claim eventually proceeded to a jury trial, and the jury found in Jones's favor. The City filed a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 (b), and an alternative motion for a new trial under Rule 50 (b) and Rule 59. The district court denied both motions. This appeal followed.

## II.

Two standards of review apply to this appeal. First, we review *de novo* the denial of a motion for judgment as a matter of law, applying the same standard as the district court. *Brown v. Ala. Dep't of Trans.*, 597 F.3d 1160, 1173 (11th Cir. 2010). Judgment as a matter of law under Rule 50 is appropriate only when "the facts and inferences point [so] overwhelmingly in favor of one party . . . that reasonable people could not arrive at a contrary verdict." *Id.* (quotation marks omitted). In making that determination, we "consider all the evidence, and the inferences drawn therefrom, in the light most favorable to the nonmoving party." *Brown v. R.J. Reynolds Tobacco Co.*, 38 F.4th 1313, 1323 (11th Cir. 2022) (quotation marks omitted). We do not assume the jury's role of weighing conflicting evidence or inferences, or of assessing the credibility of witnesses. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). The standard for granting a motion for judgment as a matter of law, is the same as the standard for granting a renewed motion for judgment as a matter of law. *Id.*

Second, we review the denial of a motion for a new trial for abuse of discretion. *See McGinnis*, 817 F.3d at 1255. A "district court may, in its discretion, grant a new trial if in [the court's] opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice[.]" *Id.* at 1254 (quotation marks omitted). "Deference to the district court is particularly appropriate where a new trial is denied and the jury's verdict is left undisturbed." *Id.* at 1255 (quotation marks omitted).

## III.

The City makes two arguments on appeal: (1) the district court erred in denying the City's renewed motion for judgment as a matter of law by basing the denial on excluded hearsay testimony; (2) Jones failed to prove the causation element of his retaliatory hostile work environment claim, so the court erred in denying the City's renewed motion for judgment as a matter of law, and abused its discretion in denying the City's motion for a new trial. Both arguments fail.

### A.

We start with hearsay. Under the Federal Rules of Evidence, hearsay—an out-of-court statement offered to prove the truth of the matter asserted in the statement—is ordinarily inadmissible. Fed. R. Evid. 801(c), 802. "Inadmissible evidence contributes nothing" to a court's determination of whether there is a "legally sufficient evidentiary basis" to sustain a jury's verdict. *See Weisgram v. Marley Co.*, 528 U.S. 440, 453–54 (2000) (quotation marks omitted); *see also Taxinet Corp. v. Leon*, __ F.4th __, No. 22-12335, slip op. at 18–19 (11th Cir. Aug. 19, 2024).

The City argues that the district court erroneously relied on Jones's testimony—which the court had excluded as hearsay during trial—that an unidentified supervisor had told Jones that during Jones's call with Rockett, Richards was "standing over" Rockett and "telling [Rockett] what to say" to Jones. The City is wrong. Nothing in the district court's denial order referenced that excluded

testimony. Instead, the court reasoned that "Jones testified that Richards was in the room and overheard a telephone call between Jones and David Rocket[t], in which Jones was complaining" about the investigator. Jones's own testimony about Richards overhearing the call plainly does not amount to an out-of-court statement and so is not hearsay. *See* Fed. R. Evid. 801(c).

To be sure, as the City observes, Jones testified at one point that "the only personal knowledge" he had of "who was in Rockett's office" during the call, was "what was said to [Jones] by another supervisor." But again, the district court's denial order never referenced that supervisor's statements, and instead, pointed to *Jones*'s testimony that Richards was on the call with Rockett. And that testimony—despite Jones's own characterization of his "personal knowledge"—included his in-court testimony that *he* noticed the phone "wasn't silent," that *he* believed Rockett had him on speakerphone, and that *he* "heard somebody in the background, and it sounded like Mike Richards." The City's argument that the court relied on hearsay to deny the City's renewed motion for judgment as a matter of law fails.

*B.*

We now address the City's argument about causation. "Title VII prohibits the creation of a hostile work environment in retaliation for an employee's engagement in protected activity." *Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 835 (11th Cir. 2021). As stated above, Chapman sued the City on a Title VII retaliatory hostile work environment claim under 42 U.S.C. § 2000e-3(a). To

prevail on such a claim, a plaintiff must establish that: (1) he "engaged in protected [Equal Employment Opportunity] activity"; (2) he "suffered a hostile work environment because of that activity"; and (3) "the work environment might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024), *petition for cert. filed*, (U.S. July 19, 2024) (No. 24-67) (quotation marks omitted); *see also Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 862 (11th Cir. 2020).

Of these three elements, the City's principal brief disputes only the causation element—whether Jones suffered a hostile work environment (Richards's statements at the debriefing) *because* Jones engaged in protected activity (filing an EEOC complaint). The City's reply brief appears to also contest whether Richards's statements "might well have dissuaded" a reasonable employee from making a charge of discrimination, but we decline to address arguments advanced for the first time in the City's reply brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682–83 (11th Cir. 2014). So, we limit our analysis to causation.

To establish a causal link between the protected activity and adverse action (here, the creation of a hostile work environment), a plaintiff making a Title VII retaliation claim under Section 2000e-3(a) must ultimately prove that the protected activity was "a but-for cause" of the adverse action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *id.* at 352 ("Title VII retaliation claims require proof that the desire to retaliate was the but-for

cause of the challenged employment action."). In other words, the plaintiff "must prove that had [he] not [engaged in the protected conduct]," he would not have suffered the adverse action. *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1135 (11th Cir. 2020) (quotation marks omitted). As a starting point, a plaintiff must prove that "the decisionmaker actually knew about the employee's protected expression." *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1053 (11th Cir. 2020); *see also Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). That awareness can be established through circumstantial evidence. *Martin*, 959 F.3d at 1053.

Here, there was sufficient trial evidence that Richards knew of Jones's filing of an EEOC complaint and that, if Jones had not filed the complaint, Richards would not have made the statements he did at the debriefing. Based on Jones's testimony, as he told Rockett over the phone that he had "filed the EEOC complaint" against the investigator, Rockett seemed to have had Jones on speakerphone and "it sounded like Mike Richards" was "in the background" directing Rockett what to say. And, Jones further testified, Richards would have "known or heard" Jones "say something about" the person investigating Jones "because of [Jones's] previous complaints." Only a few days after that call, Richards then threatened the tactical unit against filing EEOC complaints. Jones testified that Richards was "looking directly" at Jones while making the threats, and that in Jones's "22 years of policing" he had never heard a supervisor make similar statements. Drawing inferences from and considering all this evidence in Jones's favor, *see R.J.*

*Reynolds Tobacco Co.*, 38 F.4th at 1323—that is, evidence of Richards overhearing Jones's call with Rockett, of the temporal proximity between that call and Richards's later threats, of the rarity of those threats, and of Richards's eye contact with Jones while making the threats—we conclude that a reasonable juror could have found that (1) Richards knew Jones had filed an EEOC complaint and (2) Jones's filing of the complaint was the "but-for" cause of Richards's threats at the debriefing. *See Nassar*, 570 U.S. at 352, 362. And, although the City presented contrary evidence such as Richards's testimony that he was unaware of Jones's protected activity, we do not assume the jury's role of weighing conflicting evidence or assessing witness credibility. *McGinnis*, 817 F.3d at 1254.

In sum, the evidence was not so overwhelmingly in favor of the City that reasonable people could not find that Jones suffered a hostile work environment *because* he engaged in protected activity. *Ala. Dep't of Trans.*, 597 F.3d at 1173; *Terrell*, 98 F.4th at 1356. Thus, the district court did not err in denying the City's renewed motion for judgment as a matter of law. And, for the same reasons above, the jury's verdict in favor of Jones did not go against the "clear weight of the evidence" or cause a "miscarriage of justice," and the district court did not abuse its discretion by denying the City's motion for a new trial. *McGinnis*, 817 F.3d at 1254 (quotation marks omitted).

## IV.

The district court is **AFFIRMED**.